UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | CASE NO.: 26-22464-dsj |
| Jaime Calimlim, | CHAPTER: 13 |
| Debtor. | HON. JUDGE: David S. Jones |

**MOTION FOR IN-REM RELIEF FROM THE**
**AUTOMATIC STAY AND CO-DEBTOR STAY REGARDING REAL PROPERTY**

Fay Servicing, LLC as Servicer for U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF8 Master Participation Trust (together with any successor or assign, “Movant”) hereby moves this Court for an Order: pursuant to 11 U.S.C. § 362(d)(4), for in rem relief from the automatic stay with respect to the real property 612 Baldwin Place, Mamaroneck, NY 10543 ("Property"); pursuant to 11 U.S.C. § 362 (d)(1); vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s premises; vacating the co-debtor stay in effect pursuant to 11 U.S.C. § 1301(a); granting Movant reasonable attorney fees and costs; and granting Movant such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

**BACKGROUND**

1. Movant is a secured creditor of Jaime Calimlim (“Debtor”) pursuant to a Note executed by Debtor and Jovita Calimlim a/k/a Jovita Valencia Calimlim (“Co-Debtor”, together with Debtor, the “Borrowers”) on March 10, 2007, whereby the Borrowers promised to repay

$626,835.68 plus interest to Beneficial Homeowner Service Corporation (the “Note”). To secure the repayment of the Note, Debtor and Co-Debtor executed a Mortgage (the “Mortgage,” Note and Mortgage, collectively, the “Loan”) in favor of Beneficial Homeowner Service Corporation, which was recorded on April 24, 2007, in the Westchester County Clerk’s Office as Instrument No. 471010204 (the “Mortgage”) encumbering the Property. The Debtor and Co-Debtor entered into a Loan Modification Agreement, effective January 15, 2016, which created a new principal balance in the amount of $581,513.01 (the “First Loan Modification”). The Debtor and Co-Debtor entered into a Loan Modification Agreement, effective April 1, 2022, which created a new principal balance in the amount of $1,178,753.72 (the “Second Loan Modification”). The Loan was ultimately assigned to Movant by an assignment of mortgage recorded on June 30, 2014 (the “Assignment of Mortgage”). Copies of the Note, Mortgage, Loan Modifications, and Assignment of Mortgage are attached hereto as **Exhibit A**.

2. As the Debtor became delinquent under the terms of the Loan, a foreclosure action was commenced in the Supreme Court of the State of New York, County of Westchester under index number 58585/2018 (“Prior Foreclosure Action”). A Judgement of Foreclosure and Sale (“Prior JFS”) was entered on December 20, 2019. Subsequently, an Order Discontinuing the Action and Vacating the Judgment of Foreclosure and Sale was entered on January 19, 2023 (“Prior Order to Discontinue and Vacate”). Thereafter, a new foreclosure action was commenced in the Supreme Court of the State of New York, County of Westchester under index number 59932/2024 (“Foreclosure Action”) and a Judgment of Foreclosure and Sale (“JFS”) was entered on January 10, 2025.

3. Copies of the entered Prior JFS and Prior Order to Discontinue and Vacate are annexed hereto as **Exhibit B**.

4. A copy of the entered JFS is annexed hereto as **Exhibit C.**

5. For the convenience of the Court and all parties, below is a chart listing the multiple bankruptcy filings affecting the Property:

| **Debtor Name** | **Case Number** | **Foreclosure Status** | **Date Bankruptcy Filed** | **Case Dismissal Date and Reason** | **Date of Canceled Foreclosure Sale, if applicable** |
|---|---|---|---|---|---|
| Jovita Calimlim | 18-23098-shl | Delayed prosecution of Prior Foreclosure Action | 7/17/18 | Dismissed pursuant to Trustee's MTD on 2/4/19 | n/a |
| Jovita Calimlim | 20-22181-cgm | Delayed prosecution of Prior Foreclosure Action | 2/1/20 | Dismissed for failure to make plan payments on 11/2/23 | n/a |
| Jovita Calimlim | 25-22282-dsj | JFS foreclosure sale scheduled for 4/7/25 | 4/4/25 | Dismissed pursuant to Trustee's MTD on 2/18/26 | 4/7/25 |
| Jaime Calimlim | 26-22464-dsj | JFS foreclosure sale scheduled for 5/5/26 | 5/5/26 | Active | 5/5/26 |

6. As the above chart shows, there have been a total of four (4) recent bankruptcies filed by this Debtor and Co-Debtor, and Movant's scheduled foreclosure sales have been repeatedly cancelled due to these last-minute filings. In addition, Debtor and Co-Debtor jointly filed Case No. 14-22196-rdd on February 13, 2014, which was standard discharged on December 28, 2017. These repeat filings by the same parties, when coupled with the repeating dismissals, give rise to the inference that the repeat filings are a scheme to hinder, delay, or defraud Movant in exercising its state law rights. Accordingly, Movant now seeks an Order pursuant to 11 U.S.C. § 362(d)(4), vacating the automatic stay and granting in rem relief from stay with respect to the property. Copies of the PACER dockets are annexed hereto as **Exhibit D**.

7. Copies of the Notices of Sale for the aforementioned, scheduled foreclosure sales

are annexed hereto as **Exhibit E**.

8. Pursuant to 11 U.S.C. § 362(d)(4), courts are empowered to grant in rem relief from a stay affecting a creditor's property, such that any and all future filings by any parties with a claimed interest in the property will not operate as an automatic stay for a period of two years. *See, e.g., In re Wilke*, 429 B.R. 916, 922 (Bankr. N.D. Ill. 2010); *In re Blair*, 2009 WL 5203738, *4 (Bankr. E.D.N.Y. 2009); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009).

9. Because the stay attaches to the property, rather than to the filing parties, "in rem relief is a particularly effective method to combat tag-team serial filers who seek to prevent foreclosures." *In re Selinsky*, 365 B.R. 260, 264 (Bankr. S.D. Fla. 2007); *see In re Roeben*, 294 B.R. 840, 846 (Bankr. E.D. Ark. 2003); *In re Graham*, 1998 WL 473051, *2 (Bankr. E.D. Penn. 1998).

10. To obtain in rem relief, a creditor must provide evidence that: (i) a debtor or a group of debtors has made prior bankruptcy filings as part of a scheme; (ii) the object of which was to delay, hinder, or defraud creditors; and (iii) which involves either the transfer of some interest in the real property without the secured creditor's consent or court approval or multiple bankruptcy filings affecting the property. *See In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870-71 (7th Cir. BAP 2012). Further, it is well-settled that the mere timing and filing of multiple prior bankruptcy cases by related debtors permits the inference of a scheme to hinder, delay, and defraud a creditor. *See, e.g., Blair*, 2009 WL 5203738 at *4, *citing Montalvo*, 416 B.R. at 38.

11. Analyzing a similar set of circumstances, the Court in *Blair* (*id.* at *4-5) granted in rem relief and found that:

> Here, Debtors have neither filed nor confirmed a chapter 13 plan. None of their chapter 13 cases were prosecuted to any meaningful extent. The timing and sequence of the filings is also significant. Each was filed on the eve of or shortly before significant events affecting the Property. The

> uncontroverted record of the filings and lack of any good faith prosecution of each of Debtors' prior cases allows this Court to draw a permissible inference and find that the instant petitions were part of a scheme of Debtor to hinder, delay, and defraud [creditor] BAC.
>
> Therefore, this Court will enter an Order such that any future bankruptcy filings by either of the Debtors, or any other person having an interest in the Property, will not operate as a stay of any action against the Property for a period of two years after the date of the entry of the orders hereon.

12. Furthermore, the Court may draw an inference of foreclosure delay from timing and existence of multiple filings alone, without analyzing the debtors' conduct during the cases. The "conduct of the debtor while in bankruptcy is less relevant than the actual timing and existence of multiple filings. The existence of multiple filings on the eve of foreclosure alone…is sufficient to establish a presumption of a scheme to hinder or delay the creditor, subject to the debtor`s right to challenge this presumption." *In re Merlo*, 646 B.R. 389, 395 (Bankr. E.D.N.Y. 2022).

13. In this case, the frequent and largely unprosecuted filings demonstrate a clear pattern of delay designed to frustrate resolution of the underlying foreclosure. The instant petition is nothing more than a stall tactic to delay, hinder, and frustrate Movant in exercising its foreclosure rights.

14. Additionally, the account remains contractually due for the September 1, 2022 payment, and for each subsequent payment thereafter. Therefore, relief from stay is also warranted for cause pursuant to 11 U.S.C. § 362(d)(1). A copy of the SDNY worksheet is attached as **Exhibit F**.

15. Pursuant to 11 U.S.C. § 362(d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

16. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. In Re Taylor, 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993).

17. Movant will be irreparably injured by continuation of the co-debtor stay imposed under 11 U.S.C. § 1301(a) absent payments from the Debtor and/or Co-Debtor. As such, the co-debtor stay should be lifted pursuant to 11 U.S.C. § 1301(c)(3), and Movant should be permitted to proceed against the Co-Debtor.

18. Accordingly, grounds exist to vacate the stay in Debtor's case and Movant therefore requests that the co-debtor stay imposed under 11 U.S.C. § 1301(a) of the Bankruptcy Code be modified and terminated for cause to permit Movant to pursue its rights against the Co-Debtor under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

19. In addition, Movant requests an Order allowing Movant to offer and provide Debtors with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with the Debtors without further order of the court.

20. Fed. R. Bank. Pro. 4001(a)(3) provides that "any order granting movant relief from an automatic stay is stayed until the expiration of 14 days after the entry of the order unless the court orders otherwise.

21. In light of the history of filings and the negative impact on Movant's lawful right to sell the Property pursuant to the JFS (*see* Exhibit B), no legitimate purpose could be served by staying the requested relief any longer. The debtor clearly has no intention of participating in the bankruptcy process and therefore should not reap its benefits. Therefore, Movant is entitled to a

waiver of the stay provision of Fed. R. Bankr. Pro. 4001(a)(3).

22. Movant respectfully requests $1,850.00 in reasonable attorney fees and $199.00 in filing costs associated with the preparation and filing of this Motion.

**WHEREFORE**, it is respectfully submitted that this Court should grant Movant's Motion for Relief in all respects, along with such other and further relief as is deemed to be just, proper, and equitable.

Dated: Garden City, New York
August 4, 2026

By: /s/ Michael Rozea
Michael Rozea, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150