UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re: Case No.: 26-22464-dsj

Jaime Calimlim,

Chapter 13

Hon. Judge: David S. Jones

Debtor.
---------------------------------------------------------X

**OBJECTION TO DEBTOR'S REQUEST FOR LOSS MITIGATION**

**TO: THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE**

Katherine Heidbrink, attorney for Fay Servicing, LLC ("Fay") as servicer for U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF8 Master Participation Trust (the "Investor," Fay and Investor, collectively, "Secured Creditor"), hereby affirms under penalty as follows:

1. I am a Senior Associate of Friedman Vartolo, LLP, attorneys for the Secured Creditor.
2. Secured Creditor holds a note and mortgage (collectively, the "Loan") on the Debtor's real property located at 612 Baldwin Place, Mamaroneck, NY 10543 (the "Property"), as more fully set forth in Secured Creditor's timely Proof of Claim, Claim No. 5-1.
3. The Debtor filed the instant petition for relief under Chapter 13 of the Bankruptcy Code on May 5, 2026.
4. This Objection is submitted in response to the Debtor's Loss Mitigation Request filed on August 3, 2026 (ECF Doc. No. 17, the "Request").

5. Secured Creditor respectfully objects to loss mitigation for the following reasons. First, the instant case is the fourth bankruptcy affecting the Property since 2018. Second, the Debtor's spouse recently benefited from formal S.D.N.Y. Loss Mitigation in her 2025 bankruptcy case, so further court-ordered loss mitigation would be duplicative. Third, the Investor will not approve an additional loan modification because the payment cannot be further reduced. Fourth, a further loan modification appears unaffordable as a percentage of the Debtor's stated income.

6. Prior to the filing of the instant bankruptcy case, Secured Creditor's Loan was previously modified by a permanent loan modification effective January 15, 2016 (the "2016 Modification"). The 2016 Modification featured five years of temporary interest-only payments and a fixed interest rate of 5.5%. A copy of the 2016 Modification is attached to Claim No. 5-1.

7. After the 2016 Modification, the Debtor again defaulted on the Loan.

8. To resolve the default, Secured Creditor's Loan was then modified by a permanent loan modification effective April 1, 2022 (the "2022 Modification"). The 2022 Modification featured a 480 month term extension and a 4.00% fixed interest rate for the remaining life of the Loan. The Prior Modification also featured $183,753.72 in deferred, non-interest-bearing principal due at maturity (i.e., a balloon payment). A copy of the 2022 Modification is attached to Claim No. 5-1.

9. After the 2016 Modification and 2022 Modification, the Debtor again defaulted on the Loan. As set forth in Claim No. 5-1, as of the petition date, the Loan was pre-petition due for July 1, 2022, and each payment due thereafter.

10. As indicated, Secured Creditor respectfully objects to loss mitigation as follows:

11. First, the instant case is the fourth recent bankruptcy affecting the Property.

12. Secured Creditor respectfully objects to loss mitigation due to the history of repeat bankruptcy filings affecting the Property.

13. Secured Creditor's Loan is pre-petition due for July 1, 2022, over four years ago.

14. As the Debtor became delinquent under the terms of the Loan, a foreclosure action was commenced in the Supreme Court of the State of New York, County of Westchester under index number 58585/2018 ("Prior Foreclosure Action"). A Judgement of Foreclosure and Sale ("Prior JFS") was entered on December 20, 2019. Subsequently, an Order Discontinuing the Action and Vacating the Judgment of Foreclosure and Sale was entered on January 19, 2023 ("Prior Order to Discontinue and Vacate"). Thereafter, a new foreclosure action was commenced in the Supreme Court of the State of New York, County of Westchester under index number 59932/2024 ("Foreclosure Action") and a Judgment of Foreclosure and Sale ("JFS") was entered on January 10, 2025.

15. Copies of the entered Prior JFS, Prior Order to Discontinue and Vacate, and JFS are annexed to Secured Creditor's Motion for In Rem Relief filed on August 4, 2026 (ECF Doc. No. 19, the "Motion").

16. For the convenience of the Court and all parties, below is a chart listing the multiple bankruptcy filings affecting the Property:

| **Debtor Name** | **Case Number** | **Foreclosure Status** | **Date Bankruptcy Filed** | **Case Dismissal Date and Reason** | **Date of Canceled Foreclosure Sale, if applicable** |
|---|---|---|---|---|---|
| Jovita Calimlim ("Co-Debtor") | 18-23098-shl | Delayed prosecution of Prior Foreclosure Action | 7/17/18 | Dismissed pursuant to Trustee's MTD on 2/4/19 | n/a |
| Jovita Calimlim | 20-22181-cgm | Delayed prosecution of | 2/1/20 | Dismissed for failure to make | n/a |

| | | | | | |
|---|---|---|---|---|---|
| | | Prior Foreclosure Action | | plan payments on 11/2/23 | |
| Jovita Calimlim | 25-22282-dsj | JFS foreclosure sale scheduled for 4/7/25 | 4/4/25 | Dismissed pursuant to Trustee's MTD on 2/18/26 | 4/7/25 |
| Jaime Calimlim | 26-22464-dsj | JFS foreclosure sale scheduled for 5/5/26 | 5/5/26 | Active | 5/5/26 |

17. As the above chart indicates, foreclosure of the Property has been delayed by the filing of the Debtor and Co-Debtor's bankruptcy petitions, each of which delayed foreclosure. The two most recent bankruptcies were filed within three days of a scheduled foreclosure sale and for the purpose of foreclosure delay.
18. Further, the Loan has had significant formal S.D.N.Y. Loss Mitigation history.
19. On February 13, 2014, the Debtor and Co-Debtor previously filed a Ch. 13 bankruptcy under Case No. 14-22196-rdd (the "First Case").
20. At the time the First Case commenced, the Loan was held by the same Investor, but serviced by Caliber Homes Loans ("Caliber"). The Debtor filed a Request for Loss Mitigation as part of the Ch. 13 plan under the then-applicable Local Rules, which Caliber did not oppose. A Loss Mitigation Order was entered in the First Case on April 8, 2014 (ECF Doc. No. 15).
21. Loss mitigation in the First Case resulted in the 2016 Modification, which the court approved by Order entered on June 8, 2016 (ECF Doc. No. 48). Formal S.D.N.Y. Loss Mitigation in the First Case terminated on December 28, 2017 (ECF Doc. No. 66).
22. Formal S.D.N.Y. Loss Mitigation was actively pending in the First Case for a total of 792 days and resulted in a permanent modification.
23. After the 2016 Modification, the Debtor again defaulted.

24. The Co-Debtor then filed a second bankruptcy case, Ch. 13 Case No. 18-23098-shl (the "Second Case"), staying foreclosure.

25. At the time the Second Case commenced, the Loan was held by the same Investor, but serviced by Caliber. The Co-Debtor filed a Request for Loss Mitigation as part of the Ch. 13 plan under the then-applicable Local Rules, which Caliber did not oppose. However, before a Loss Mitigation Order could be entered, the Second Case was dismissed on the Trustee's Motion for failure to make plan payments, inter alia.

26. The Co-Debtor then filed a second bankruptcy case, Ch. 13 Case No. 20-22181-cgm (the "Third Case"), staying foreclosure.

27. In the Third Case, the Co-Debtor again requested loss mitigation with Caliber as part of the proposed Ch. 13 plan, which Caliber did not oppose. A Loss Mitigation Order in the Third Case was entered on September 10, 2020 (ECF Doc. No. 17).

28. During active loss mitigation in the Third Case, the Loan service transferred from Caliber to Fay. Fay continued the loss mitigation review in good faith.

29. Loss mitigation in the Third Case resulted in the trial modification leading to the 2022 Modification, which this Court approved by Order entered on January 12, 2022 (ECF Doc. No. 65). Formal S.D.N.Y. Loss Mitigation in the Third Case terminated on February 10, 2022 (ECF Doc. No. 72).

30. Formal S.D.N.Y. Loss Mitigation was actively pending in the Third Case for a total of 489 days and resulted in a permanent modification.

31. The Third Case was dismissed on the Trustee's Motion on November 2, 2023, and the Third Case closed thereafter.

32. After the 2022 Modification, the Debtor again defaulted on the Loan. The Loan remains pre-petition due for July 1, 2022.

33. To delay a scheduled foreclosure sale, the Co-Debtor then filed Ch. 13 bankruptcy case no. 25-22282-cgm on April 4, 2025 (the "Fourth Case").

34. In the Fourth Case, the Co-Debtor again requested formal S.D.N.Y. Loss Mitigation (ECF Doc. No. 19), to which Secured Creditor objected (ECF Doc. No. 26). Loss Mitigation was denied due to the objection, and terminated by Order entered on October 14, 2025 (ECF Doc. No. 38).

35. Taken together, the Debtor and Co-Debtor received the benefit of 1,281 days of court-supervised loan modification review, during which Caliber and Secured Creditor were stayed.

36. As indicated, the Debtor recently benefited from formal S.D.N.Y. Loss Mitigation in two of his spouse's prior bankruptcy cases, so further court-ordered loss mitigation would be duplicative.

37. Secured Creditor notes the extensive bankruptcy and loss mitigation history concerning the Loan.

38. Furthermore, Secured Creditor notes that the prior bankruptcy filings give rise to a reasonable inference of Secured Creditor's entitlement to in rem relief, pursuant to 11 U.S.C. § 362(d)(4). General Order #M-744 § VII(A) requires that loss mitigation parties negotiate in good faith, which may be impeded by the presumption of bad faith that arises with multiple bankruptcy filings.

39. Third, the Investor will not approve a third permanent Loan modification because the monthly principal & interest payment cannot be further reduced.

40. As of the petition date in the fifth and instant case, the total debt on the Loan was $1,424,157.81, with pre-petition arrears of $306,902.70. The current monthly payment on the Loan is $6,538.04, which is comprised of $4,158.49 in principal & interest and $2,379.55 in regular monthly escrow (taxes and insurance). The current interest rate is the fixed interest rate of 4.00% from the 2022 Modification.

41. The Debtor's Schedule A/B values the Property at $1,000,000.00, so using the Debtor's valuation, the Property is significantly underwater.

42. In a best case scenario[1], if Secured Creditor were to reamortize all arrears, then to fix the interest-bearing principal balance at the Debtor's valuation of $1,000,000.00, with the remaining $424,157.81 deferred as non-interest-bearing deferred principal due at maturity (i.e., a balloon payment), and if Secured Creditor were to then reamortize the Loan over 480 months and increase the interest rate from the current 4.00% to a below-market rate of 6.50% fixed[2], a monthly principal & interest payment of $5,854.57 would result. When combined with the current escrow of $2,379.55 per month, a modified total monthly payment of at least $7,734.10 would result.

43. This Investor requires a reduction from the current principal and interest payment as a condition precedent to modification. In this case, even the best-case modified principal and interest payment would be $5,854.57, well over the current principal and interest payment of $4,158.49. As such, the Investor will not permit a third permanent modification in this case.

---

[1] Nothing in this paragraph constitutes a loan modification offer, or references any available modification from Secured Creditor. The figures in this paragraph are for illustrative purposes only.

[2] The current interest rate on Secured Creditor's Loan is 4.00%. For the week of August 13, 2026, the average Freddie Mac Primary Mortgage Market Survey rate was 6.67%. *See https://www.freddiemac.com/pmms.*

44. Furthermore, the best-case modified payment of $7,734.10 is 43.0% of the Debtor's stated gross monthly household income of $17,979.73 per month on Schedule I, which is generally considered unaffordable.

45. Lastly, the Debtor and Co-Debtor have not made any post-petition mortgage payments in the Fourth Case, or thereafter. As such, the Loan is clearly unaffordable based on the ongoing default on the 2022 Modification.

46. For all the above reasons, Secured Creditor cannot provide an additional modification in this case, and does not consent to further formal S.D.N.Y. Loss Mitigation.

**WHEREFORE,** Secured Creditor respectfully requests that this Court deny the Request, in its entirety, as requested herein; and further relief that this Court deems proper.

Dated: August 17, 2026
Garden City, New York

Respectfully submitted,
FRIEDMAN VARTOLO, LLP

By: _/s/ Katherine Heidbrink_
Katherine Heidbrink, Esq.
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
Telephone: 212-471-5100
bankruptcy@friedmanvartolo.com